**Reverse and Remand and Opinion Filed July 16, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-17-01010-CV

**ABRAHAM KHAJEIE, ALI SOLTANIAN, AND MASOUD TASHAKORI, Appellants**
**V.**
**RUBEN GARCIA-MARTINEZ, Appellee**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-02831-E**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Fillmore and Schenck
Opinion by Chief Justice Wright

Ruben Garcia-Martinez ("Garcia") sued Eagle Wholesale, Inc. ("Eagle Wholesale") and Abraham Khajeie, Ali Soltanian, and Masoud Taskakori, (the "Owners") under theories of negligence and alter ego after he fell from a forklift in Eagle Wholesale's warehouse. After a bench trial, the court rendered judgment in favor of Garcia. In two issues, the Owners argue (1) the trial court erred in holding them individually liable for the judgment; and (2) if they are individually liable, the trial court erred in ordering them to pay Garcia $50,000 in damages because the evidence was factually insufficient to support that amount. We reverse the trial court's judgment as to the Owners.

### Background

Eagle Wholesale, a now defunct corporation, was in the business of selling aftermarket auto body parts. It had been owned by appellants Abraham Khajeie, Ali Soltanian, and Masoud

Tashakori, with Khajeie owning 40% of the company and Soltanian and Tashakori each owning 30%. Garcia had worked for Eagle Wholesale as a delivery driver from 2008 or 2009 until October of 2012, when his driver's license expired. Because he was no longer able to drive for the company, he was transferred to the warehouse, where he used a forklift to pull parts for distribution.

On September 20, 2013, Garcia fell and injured himself while attempting to load merchandise onto one of the company's forklifts. He was trying to stand on a skid, or platform, on the forklift, but it was unsteady. Normally, there would be a latch that locks to hold the skid in place, enabling a person to safely stand on it, but the lock on this forklift had not been working properly for some time. Garcia lost his balance while standing on the skid and fell. Soltanian, who was the warehouse manager at the time, and another warehouse worker came to Garcia's aid. The warehouse worker immediately took Garcia to an emergency urgent care facility where surgery was performed on Garcia's hand. After several stitches to his hand and leg, a cast was placed on his left leg with a broken bone in his foot. The cast was later replaced with a boot for medical reasons. After the fall, Garcia was informed that Eagle Wholesale would not be compensating him for medical expenses related to the injuries he sustained as a result of the fall.

On June 6, 2015, Garcia filed suit against Eagle Wholesale, alleging negligence, negligence per se, and gross negligence. In Garcia's first amended petition, he added Khajeie as a defendant. In his second amended petition, he added Soltanian and Tashakori as defendants and alleged the Owners' individual liability under an alter ego theory. Specifically, the second amended petition alleged the following: (1) "the owners, Presidents, operators, and managers of Defendant Eagle Wholesale, Inc.[,] Abraham Khajeie, Ali Soltanian, & Masoud Tashakori have full control over all decisions of Defendant Eagle Wholesale Inc. in a manner indistinguishable from his[sic] personal affairs"; (2) "the company appears to be used as a sham to protect the owner[s] from any liability as in this case"; (3) "the failure to have any reserves to pay for persons who were injured or killed

shows that it was undercapitalized by its owner . . ."; (4) "[a]t all times, the owner, or an individual, or representative, or agent of Defendant Eagle Wholesale, Inc., tried by fraud to deceive the employees of the company as to the status of and/or net worth of the company" (emphasis omitted). The Owners generally denied Garcia's allegations.

During the May 22, 2017 trial, Eagle Wholesale failed to appear by counsel. Garcia's case focused on the defendants' failure to provide a safe work environment for Garcia, including appropriate safety training to operate the forklift and safety equipment as well as appropriate supervision. The Owners, who represented themselves, argued they did not have a record of Garcia working for them beyond 2012, though the accident occurred in September of 2013. They responded to the negligence allegations by arguing their warehouse supervisor was familiar with the safety booklet for the forklift, and he was responsible for the warehouse workers on the forklift.

On May 26, 2017, the trial court signed the final judgment in favor of Garcia, finding Eagle Wholesale and the Owners jointly and severally liable for the sum of $50,000 plus post-judgment interest. A default judgment was entered against Eagle Wholesale for its failure to appear. The Owners requested and the court issued its findings of fact and conclusions of law. In those findings, the court referred to Eagle Wholesale and the Owners collectively as "Defendants." The trial court did not make any express findings regarding Garcia's alter ego theory of liability. Though the Owners filed a request for amended findings that would distinguish the entity from its owners, no such distinction was made. The Owners now appeal. Garcia did not file a brief.

**Applicable Law**

When appellants challenge the legal sufficiency of the evidence supporting an adverse finding on an issue for which they did not have the burden of proof, appellants must show on appeal that no evidence supports the adverse finding. *Graham Central Station, Inc. v. Pena*, 442 S.W.3d 261, 263 (Tex. 2014). In reviewing a legal sufficiency challenge, the court must view the

evidence in the light most favorable to the judgment, indulging every reasonable inference that tends to support it while disregarding all evidence and inferences to the contrary. *City of Keller v. Wilson*, 168 S.W.3d 802, 821–22 (Tex. 2005). Evidence is legally insufficient if (1) there is a complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a valid fact; (3) the evidence offered to prove a vital fact is not more than a mere scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *Id.* at 810 (citing Robert W. Calvert, *"No Evidence" & "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960)). A legal sufficiency challenge fails only if there is more than a scintilla of evidence to support the judgment. *BMC Software Belg., N.V. v. Marchland*, 83 S.W.3d 789, 795 (Tex. 2002). The ultimate question for the court is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Keller*, 168 S.W.3d at 827.

**Discussion**

The Owners argue the trial court erred in holding them individually liable to Garcia because he failed to present any evidence to show that they were liable in their individual capacities. Therefore, they argue, Garcia's claims against them must fail as a matter of law.

Corporations are separate legal entities from their shareholders, or owners. *Doyle v. Kontemporary Builders, Inc.*, 370 S.W.3d 448, 457 (Tex. App.—Dallas 2012, pet. denied). This separation generally enables the corporate form to shield its shareholders from individual liability for the wrongdoings of the corporation and protect them behind a corporate veil. *See id.* However, the corporate veil may be pierced, allowing a court to impose individual liability on a shareholder under certain circumstances despite the corporate form. *See Castleberry v. Branscum*, 721 S.W.2d 270, 271–72 (Tex. 1986). One such mechanism for piercing the corporate veil is the alter ego doctrine. *See SSP Partners v. Gladstrong Invs. (USA) Corp.*, 275 S.W.3d 444, 454 (Tex. 2008).

–4–

The alter ego doctrine is applied to pierce the corporate veil if there is such unity between the corporation and the individual that the corporation is no longer separate and holding only the corporation or individual liable would result in an injustice. *See Castleberry*, 721 S.W.2d at 272 (citations omitted); *see also SSP Partners*, 275 S.W.3d at 454–55. "Injustice" in this sense is not subjective, rather, it is meant to include abuses such as "fraud, evasion of existing obligations, circumvention of statutes, monopolization, criminal conduct, and the like." *SSP Partners*, 275 S.W.3d at 455.

Alter ego may be shown from the total dealings of the corporation and the individual. *Castleberry*, 721 S.W.2d at 272. Specifically, courts may consider the following factors: (1) the payment of alleged corporate debts with personal checks or other commingling of funds; (2) representations that the individual will financially back the corporation; (3) the diversion of company profits to the individual for his or her personal use; (4) inadequate capitalization; and (5) other failure to keep corporate and personal assets separate. *Doyle*, 370 S.W.3d at 458. An individual's standing as an officer, director, or majority shareholder of an entity alone is insufficient to support a finding of alter ego. *Id.*

Though Garcia alleged alter ego in his live petition, a review of the total dealings of the parties shows that he failed to present any evidence that would prove the Owners were individually liable for his injuries. Specifically, (1) there was no evidence of commingling of funds amongst the Owners and Eagle Wholesale; (2) there was no evidence that any of the Owners made representations they would financially back the corporation; (3) there was no evidence of any diversion of company profits for the personal use of any of the Owners; (4) there was no documentation presented at trial to prove inadequate capitalization and insufficient testimony to allude to such an allegation; and (5) there was no mention of any failures to keep corporate assets separate from the Owners' personal assets. *See Doyle*, 370 S.W.3d at 458. In fact, the only evidence

regarding the financial state of the company was Garcia's statement in response to the trial court's question, "What happened after the date of the injury between you and Eagle Wholesale?" Garcia responded, "Okay. Okay, after that he tell [sic] me that he's going to not take care of my expenses, medical, because he's [sic] going to be a lot of money from his budget and that cost too much money. . . ." Therefore, Garcia failed to present more than a scintilla of evidence to prove alter ego so as to impose individual liability on the Owners. *See id.* (enumerating factors courts may consider as proof of alter ego). Moreover, the trial court made no findings of fact on any factors necessary to support piercing the corporate veil on an alter ego theory. *See id.*

Because Garcia failed to present more than a scintilla of evidence to prove alter ego and the trial court made no findings supporting an alter ego theory, we conclude the evidence was legally insufficient to pierce the corporate veil and impose individual liability against the Owners. *See Davey v. Shaw*, 225 S.W.3d 843, 855 (Tex. App.—Dallas 2007, no pet.). We sustain the Owner's first issue.

The Owners' second issue is premised on our finding them individually liable. Because we concluded there was no evidence to support their individual liability, we find it unnecessary to address their argument that evidence is factually insufficient to support the judgment ordering them to pay Garcia $50,000 in damages.

Accordingly, we reverse the trial court's judgment as to the Owners and remand the case to the trial court to amend the judgment so that it is consistent with this opinion.

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

171010F.P05

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ABRAHAM KHAJEIE, ALI
SOLTANIAN, AND MASOUD
TASHAKORI, Appellants

No. 05-17-01010-CV        V.

RUBEN GARCIA-MARTINEZ, Appellee

On Appeal from the County Court at Law
No. 5, Dallas County, Texas
Trial Court Cause No. CC-15-02831-E.
Opinion delivered by Chief Justice Wright.
Justices Fillmore and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** as to appellants ABRAHAM KHAJEIE, ALI SOLTANIAN, AND MASOUD TASHAKORI and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellants ABRAHAM KHAJEIE, ALI SOLTANIAN, AND MASOUD TASHAKORI recover their costs of this appeal from appellee RUBEN GARCIA-MARTINEZ.

Judgment entered July 16, 2018.